## Reco Equipment Inc. v. John T. Subrick Contracting Inc.

C.P. of Allegheny County, no. GD 98-16021.

*Thomas E. Reiber,* for plaintiff.
*Peter M. Suwak,* for defendant.

FRIEDMAN, *J.,* January 21, 2000—Defendant has appealed from this court's order dated November 3, 1999, in which we denied its petition to open and/or strike off or vacate judgment. Defendant had argued, in effect, that the Ohio judgment upon which the instant judgment is based should not be given full faith and credit by this court. Defendant asserts that its lack of minimum contacts with the state of Ohio outweighs the forum selection clause in the contract. In addition, defendant contends that the Contractor and Subcontractor Payment Act, 73 P.S. §501 et seq., bars the Ohio arbitration. The court disagreed and denied the petition.

In its petition to open and/or strike off or vacate judgment, defendant alleged as follows, inter alia:

"(1) The judgment entered in this matter is based upon a final appealable judgment journal from Belmont County, Ohio filed August 19, 1997.

"(2) The Ohio judgment reduced an award of an arbitrator from the American Arbitration Association in the amount of $9,052.05 which had been awarded on June 24, 1997.

"(3) The arbitrators award had arisen from a contractual dispute between plaintiff and defendant over a rental agreement defendant had with plaintiff, whereby defendant was to rent a hydraulic excavator from the plaintiff. . . . Said agreement had been entered into by Subrick with an agent of defendant at their branch office in North Cranberry Township, Pennsylvania. All discussions and negotiations concerning the agreement took place between Mr. Subrick, whose office is in Eighty Four, Pennsylvania and plaintiff's agent at its branch office in Pennsylvania. The equipment was rented for a job Subrick had in Pennsylvania. . . .

"(5) Additionally and/or alternatively, the Ohio court determined it had jurisdiction by virtue of a clause in the rental agreement whereby it was stated that disputes under the agreement would be subject to final and binding arbitration to be held in St. Clairsville, Ohio in accordance with rules and regulations of the American Arbitration Association. . . ."

The "choice of forum" clause contained in the agreement provides as follows:

"In the event of disputed, unpaid accounts, the undersigned agrees that the matters of dispute shall be subject to final and binding arbitration to be held in St. Clairsville, Ohio, in accordance with the rules and regulations of the American Arbitration Association. The arbitration shall be enforceable in a court of competent jurisdiction." (See rental agreement, exhibit A to defendant's petition to open and/or strike off or vacate judgment.)

The law in Pennsylvania provides that "a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. . . . Moreover, the party seeking to obviate the agreement has the burden of proving its unreasonableness." *Central Contracting Co. v. C. E. Youngdahl & Co.,* 418 Pa. 122, 133-34, 209 A.2d 810, 816 (1965). In the rental agreement at issue here, the forum selection clause is clearly visible, being printed in all capital letters and is set apart from the other provisions of the agreement in a separate paragraph.

Defendant does not contend that it was unaware of the forum selection clause when the rental agreement was signed, nor does it contend that the clause is unreasonable due to considerations of distance or expense. Rather, in its petition and on appeal defendant argues that the forum selection clause is invalid because defendant had insufficient minimum contacts with Ohio for that state to exercise jurisdiction over the instant case. The court concluded that this concept is irrelevant where jurisdiction has been agreed to. In other words, the forum selection clause by its very nature preempts consideration of the sufficiency of defendant's contacts with Ohio.

Defendant also argues that the forum selection clause "was unenforceable under the Contractor and Subcontractor Payment Act, 73 P.S. §514, and that Act was applicable to the agreement in this matter since the agreement involved the furnishing of material to a contractor involved in improving real property in Pennsylvania." (Defendant's concise statement of the matters complained of on appeal ¶2.) We disagree. Although there appears to

be no case law construing the Contractor and Subcontractor Payment Act, we conclude, by reading all of its provisions together, that it does not apply to the contract at issue here. Section 515 provides that the Act "shall apply to construction contracts executed on or after the effective date of this Act." A construction contract is defined in section 502 as "[a]n agreement, whether written or oral, *to perform work on any real property* located within this Commonwealth." (emphasis added) However, the contract at issue here is *not* an agreement to "perform work on real property." It is instead a rental agreement, and states within it that "owner agrees to rent to user and user hereby rents from owner the following described equipment." We cannot conclude that the Contractor and Subcontractor Payment Act applies to contracts for the rental of equipment, merely because such equipment may be used for real estate construction purposes. It follows that section 514 of the Act, which states that "[m]aking a contract subject to the laws of another state or requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable," is also inapplicable to the instant contract for equipment rental.

We properly denied defendant's petition to open and/or strike off or vacate judgment.